# IN THE COURT OF APPEALS OF IOWA

No. 21-1475
Filed October 5, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DEVON LARONE WEBSTER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Celene Gogerty, Judge.

Devon Webster appeals following his guilty plea. **AFFIRMED.**

Britt Gagne of Gagne Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**AHLERS, Presiding Judge.**

Devon Webster pleaded guilty to assault causing bodily injury (count I), two counts of harassment in the first degree (counts II and III), and stalking (count IV). After his plea was accepted, Webster did not file a motion in arrest of judgment. Following a later sentencing hearing, the court sentenced Webster to a combined seven-year term of incarceration, assessed fines on each count, ordered Webster to pay a 15% surcharge on any portion of the fines not suspended, then suspended the fines, and assessed a $90 domestic or sexual abuse surcharge on the stalking charge.

Webster appeals and raises two issues. First, he claims the court failed to inform him of the 15% surcharges when taking his plea, making his plea involuntary. *See* Iowa R. Crim. P. 2.8(2)(b)(2) (requiring the court to inform the defendant of "[t]he mandatory minimum punishment, if any and the maximum possible punishment"); *State v. Fisher*, 877 N.W.2d 676, 685–86 (Iowa 2016) (concluding surcharges, like fines, are punitive and must be disclosed to the defendant to comply with Iowa Rule of Criminal Procedure 2.8). Second, he claims there is confusion in the sentencing order as to whether the 15% surcharge was imposed on all fines and how much of the surcharges was suspended.

**I.      Challenge to the Plea**

As to Webster's first challenge, "[w]e review challenges to plea proceedings for correction of errors at law." *See State v. Weitzel*, 905 N.W.2d 397, 401 (Iowa 2017). However, before we may consider the merits of Webster's claim, we must determine whether he has established good cause to appeal. *See* Iowa Code § 814.6(1)(a)(3) (2021) (prohibiting an appeal from a conviction where the

defendant pleaded guilty except for a class "A" felony or "in a case where *the defendant establishes* good cause" (emphasis added)).

What amounts to "good cause" to appeal following a guilty plea is context specific, but it must be "a legally sufficient reason." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). "By definition, a legally sufficient reason is a reason that would allow a court to provide some relief." *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021).

Because Webster failed to file a motion in arrest of judgment to challenge his guilty plea, he is precluded from obtaining appellate relief unless an exception applies. *See id.* There used to be two recognized exceptions to this bar. *Id.* One of the exceptions—when the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel—has been abolished by enactment of Iowa Code section 814.7, which prohibits raising claims of ineffective assistance of counsel on direct appeal. *Id.* This leaves only one recognized exception—when the district court fails to adequately advise the defendant of the consequences of not filing a motion in arrest of judgment. *Id.* Webster relies on this exception to assert he has good cause to appeal from his guilty plea.

Iowa Rule of Criminal Procedure 2.8(2)(d) requires the defendant to be informed "that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal." However, we do not require strict compliance with the rule's requirements; substantial compliance is sufficient. *State v. Loye*, 670 N.W.2d 141, 150 (Iowa 2003). Webster asserts the following advisory given by the district court at his plea

hearing was not adequate to advise him of the consequences of not filing a motion in arrest of judgment:

> [I]f you decide to challenge your—any of these guilty pleas, you must file a motion in arrest of judgment. This must be filed no later than forty-five days from this date or at least five days prior to your sentencing date, whichever comes first. If you don't file your motion in arrest of judgment, you may lose grounds for an appeal. If you have questions about how to file a motion in arrest of judgment, please ask your attorneys.

Webster argues the advisory was deficient because it advised him that he "*may lose grounds for an appeal*" and use of "may" incorrectly suggests his loss of the ability to appeal his plea was conditional. We disagree. While ideally the district court would have used the word "shall" rather than "may" in order to strictly comply with rule 2.8(2)(d), looking at the advisory as a whole, we find substantial compliance. *See id.* Webster was informed that he "must" file a motion in arrest of judgment in order to challenge his guilty plea, which negates any suggestion that he may have been misled by being told he "may" lose his appeal rights if he didn't. Finding substantial compliance with the rule, Webster's failure to file a motion in arrest of judgment precludes his right to challenge the plea on appeal.

As the appellate court cannot provide relief, Webster has failed to establish good cause to pursue his appeal as a matter of right under Iowa Code section 814.6, so we reject his challenge to his guilty plea, affirm his conviction, and proceed to address his sentencing challenge.

## II.    Challenge to the Sentence

Unlike the challenge to his guilty plea, Webster has good cause to challenge his sentence. *See Damme*, 944 N.W.2d at 105 (finding good cause to appeal from a conviction following a guilty plea when the defendant challenges the sentence

rather than the guilty plea). Webster's claimed sentencing error stems from the court's imposition of the 15% crime-services surcharge required by Iowa Code section 911.1. He claims it is not clear for which counts the district court imposed the surcharge or how much, if any, of the surcharges were suspended. The claimed confusion originates from this statement by the district court during the sentencing hearing:

> I am ordering fines in these cases. With regard to count I the fine is $430. counts II, III, and VI, the fine each is $855 plus a crime services surcharge of 15 percent. However, those fines are suspended. I am required to assess the domestic and sexual abuse related crime surcharge of $90. You will be ordered to pay victim pecuniary damages in an amount to be determined, and there will be a separate order with that amount.

We agree with Webster that the district court's pronouncement during the hearing was ambiguous to a degree. However, any ambiguity was cleared up by the written sentencing order that followed, which reads:

☒ **DEFENDANT IS ADJUDGED GUILTY** and is **FINED** as follows:

| Case Number | Count | Fine |
|---|---|---|
| FECR349033 | I | $430 |
| FECR349033 | II | $855 |
| FECR349033 | III | $855 |
| FECR349033 | VI | $855 |

The Defendant is also ordered to pay a **CRIME SERVICES SURCHARGE** of 15% on any portion of the fine which is not suspended.

☒ The **FINE IS SUSPENDED** due to Defendant's incarceration.

The written sentencing order clarifies that the district court imposed the surcharge on all counts and suspended the fine on all counts. The entire suspension of the fines operated to suspend the entire corresponding surcharges imposed pursuant to section 911.1. *See* Iowa Code § 911.1(3) ("When a fine or forfeiture is suspended in whole or in part, the court shall reduce the surcharge in proportion

to the amount suspended."); *Horton v. State*, 966 N.W.2d 663, 667 (Iowa Ct. App. 2021) (holding that when the entire fine is suspended, the entire surcharge imposed pursuant to section 911.1 must be suspended as well). As it is clear that the district court properly imposed the 15% surcharge on all counts and properly suspended all those surcharges by suspending all the fines, we find no error in the sentence imposed.

**III.    Conclusion**

Webster has not established good cause to challenge his guilty plea on appeal, so we affirm his conviction. We find no error in the sentence imposed. Accordingly, we affirm.

**AFFIRMED.**